In an action of detinue for sundry slaves, the plaintiff John Soper offered in evidence, in support of the issue joined on his part, an absolute deed, duly recorded, from James Thomas, sen. (of whose estate the defendant Joel Thomas was administrator,) to himself, of the slaves in question : whereupon, the defendant offered to impeach the validity of the said deed, as fraudulent and without g-ood or valuable consideration, by testimony, first, that James Thomas the vendor held the possession of all the negroes in the declaration mentioned from the time of executing the said deed to that of his death ; secondly, that Joel Thomas the defendant, qualified asoné of the administrators of the said James, and that the negroes in the declaration mentioned, came to his possession as administrator of the said James Thomas ; after which the defendant offered to prove that executions against the estate of the said James Thomas had been returned, by the sheriff, “that there were no goods and chattels of the intestate to be found in his bailiwick to the admission of which parol proof, the plaintiff, by his counsel objected and the court sustained the objection. The defendant then moved the court to instruct the jury that the said deed was fraudulent as aforesaid ; which instruction the court refused to give, and instructed the jury that, “although in the case of an absolute deed for negroes, where the vendor ^remains in possession after the execution and recording the same, *330 such deed, as to creditors and subsequent purchasers, is to be regarded as fraudulent and void ; yet, as between the vendor and vendee, and their immediate representatives, it was obligatory, and could not be impeached by the testimony offered by the defendant as administrator of the grantor, which defendant was not himself a creditor.” To this opinion of the court, a bill of exceptions was filed: and, a verdict being found, and judgment rendered for the plaintiff, the defendant appealed to this court, which, on the 6th of February, 1816, affirmed the judgment.